Abbott *v.* Pike.

tions, subsequent to the exchange of horses by Furbush and Rose. The plaintiff purchased in good faith, without notice of the fraud, and the sale of the mare by him to Rose was absolute and perfect. The mare, being in the open and undisturbed possession of Rose, was purchased of him by the defendant, *bona fide,* for a valuable consideration, and without notice of any fraud.

The title to the mare in the defendant, is not invalidated by fraudulent acts of other parties. *Hussey* v. *Thornton,* 4 Mass. 405; *Buffington* v. *Gerrish,* 15 Mass. 156; *Carleton* v. *Sumner,* 4 Pick. 516; *Smith* v. *Dennie,* 6 Pick. 262; 6 Wend. 83; 1 I. R. 471; 12 I. R. 548; 16 Cow. 44; *Mowry* v. *Walsh,* 8 Cow. 238; *Rowley* v. *Bigelow,* 12 Pick. 307; *Williams* v. *Given,* 6 Gratton's Va. Rep., vide Law Mag. Jan. No. '51, p. 76; *Gilbert* v. *Hudson,* 4 Maine, 345; *Neal* v. *Williams,* 18 Maine, 391.

ABBOTT *versus* PIKE.

No effect can be given to the following words, (inserted at the close of the covenants, in a warranty deed of land :) "*Provided that the grantor shall pay to*" [*a third person,*] "*a note,*" [*described,*] "*signed by the grantee.*"

A true and certain description in a grant of land is not invalidated by the insertion of a falsity in the description, when, by rejecting the erroneous part, the conveyance can be supported, according to the intention of the parties.

A deed, by its description, conveyed lot No. three, "being the same farm that P. W. now lives on." In fact, the farm occupied by P. W. was on lot No.

one. *Held*, that the description by the *number of the lot*, was less certain than that by the word *farm* ; and that the farm, (and not No. three,) passed by the deed.

On Report from *Nisi Prius*, Wells, J. presiding.

Writ of entry, for a "lot of land numbered three, being the farm on which Peter Wyman formerly lived."

The demandant made title under a deed of warranty from Peter Wyman to Benjamin Hilton. This deed described the land to be lot numbered *three*, "being the same farm that Peter Wyman now lives on." At the close of the covenants, were the following words, "Provided, nevertheless, that the said Wyman shall pay or cause to be paid unto John Black two notes of hand signed by Benjamin Hilton, William Wyman and Charles Dolbier, for seven hundred and eighty dollars each, and interest from the 15th of October, 1828."

A witness testified, though objected to by the demandant, that the farm occupied by Peter Wyman, was on lot No. one, and did not extend to any part of No. three.

The demandant then proposed to amend his declaration, so as to call for the Wyman farm only.

The tenant then proposed to prove that the notes mentioned in the deed from Wyman to Hilton, had been paid by Wyman. This evidence was objected to by the demandant. The tenant exhibited no title to the farm.

The case was withdrawn from the jury, and submitted to the Court.

*J. S. Abbott, pro se.*

The proposed amendment is allowable, especially upon terms. But if not, there is no evidence that the Wyman farm was not formerly called No. three. An amendment is, therefore, unnecessary.

The deed from Wyman to Hilton, was a warranty, and an absolute deed. The words inserted at the close of the covenants have no legal effect. They do not make the deed a conditional one. They do not transform it into a mortgage. *Freeman's Bank* v. *Vose*, 29 Maine, 98.

*Webster*, for the tenant.

1. The demandant alleges the tenant to be in possession. That possession is good against the demandant, and all other persons, but the rightful owner. 23 Maine, 417; 16 Maine, 84; 20 Maine, 281.

2. The deed from Wyman to Hilton conveyed, if any thing, only the lot No. three. Com. Dig. E. 4; Coke Litt. 6, a; 4 Cruise, 298, chap. 19, sect. 29; 4 Mass. 196; 15 Pick. 428; 18 Pick. 553; 13 Maine, 111 and 430; 23 Maine, 217.

3. The deed was but a mortgage. 22 Pick. 376; 7 Pick. 111; 7¼ Mass. 381; 20 Pick. 514; 14 Maine, 233; 11 Maine, 318; 13 Maine, 111; 27 Maine, 156; Co. Litt. 303, a and b; Sheph. Touchst. 121. The tenant offered to prove that the mortgage was discharged by the mortgager.

HOWARD, J. — The deed from Peter Wyman to Hilton is absolute. The clause supposed to render it conditional is incomplete, unmeaning and inoperative. We are not at liberty to surmise the object of inserting that particular portion of the deed, nor are we called upon to reform the instrument, in any respect. *Freeman's Bank* v. *Vose*, 23 Maine, 98.

Whether Wyman did, or did not pay the notes described in the clause referred to, is immaterial, and the evidence on that point, is of no importance to this case.

Treating the deed as absolute, the next inquiry is, what was conveyed by it. The language of the grant is, "a certain tract or parcel of land situated in said Kingfield, *numbered 3, in the third range, and being the same farm that Peter Wyman now lives on*." *Habendum* to Hilton, his heirs and assigns forever, with general covenants of warranty.

The farm was on *lot numbered one, range three,* but did not embrace any part of lot numbered *three ;* and it did not appear that Wyman ever occupied or claimed any portion of the lot last named.

It is evident that the parties intended that the deed should convey the *farm* which Wyman then occupied. It was then located, and in the actual occupation of the grantor, and its

boundaries and extent readily ascertainable. The number of the lot was more uncertain, less likely to be known or regarded by the parties, and appears to have been used as descriptive of the farm. The general description of the premises was intelligible and correct, and the mistake occurred in the details, but it is not sufficient to defeat the manifest intentions of the parties, or to render the deed unintelligible, or inoperative.

Particular recitals, when used merely as descriptive of the grant, do not limit or restrict it, when the general language of the conveyance is intelligible and effective, without the recitals. So, a true and certain description of the grant is never invalidated by the addition of a falsity, when the intention of the parties can be subserved, and the conveyance upheld, by sustaining the true, and rejecting the false description. *Swift* v. *Eyres*, Cro. Car. 548; *Stukeley* v. *Butler*, Hob. 168; Shep. Touchst. 86–89; *Worthington* v. *Hylyer*, 4 Mass. 205; *Bott* v. *Burnell*, 11 Mass. 167; *Drinkwater* v. *Sawyer*, 7 Maine, 366; *Field* v. *Huston*, 21 Maine, 69; *Moore* v. *Griffin*, 22 Maine, 350.

Upon a fair construction of the deed, it appears that the *farm* was conveyed to Hilton; and the demandant, claiming under that conveyance, may amend the description of the premises demanded, so as to restrict his claim to the *farm* only, and may have judgment accordingly. The amount of rents and profits to be determined as stated in the report.